**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANGELA SHEPHARD and ANNA BURZAWA, Illinois residents, individually and as representatives of a class of similarly situated persons, | ) | |
| Plaintiffs, | ) | Case No. |
| v. | ) | |
| YARDI SYSTEMS INC., a California corporation, | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Defendant Yardi Systems Inc. ("Yardi") hereby removes this putative class action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. In this action, Plaintiffs Angela Shephard and Anna Burzawa bring claims on behalf of themselves and a putative class. Ex. A, Compl. ¶¶ 9-10. Plaintiffs allege Yardi violated the Illinois Right of Publicity Act ("IRPA"), 765 ILCS § 1075/30, et seq. *Id.* ¶ 10. This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists and the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441, 1446, 1332(d), and 1453(b).

## I. Plaintiffs' Allegations

Plaintiffs allege that Yardi compiles "detailed property reports, which include personal identifying information [of Illinois citizens] corresponding to the property,"

and offers access to those property reports through its "property-research website," PropertyShark. Ex. A, Compl. ¶¶ 3-4. Plaintiffs also allege that Yardi allows visitors "to access to one free report" to "encourage visitors to purchase a premium subscription to PropertyShark[.]" *Id.* ¶ 7. Plaintiffs claim that Yardi violated IRPA by using putative class members' identities for commercial purposes without first obtaining written consent. *Id.* ¶¶ 8-9. Plaintiffs allege that, as a result, they were denied their right to control how their identities are used and suffered damages based on that misuse. *Id.* ¶ 67.

## II. Grounds for Removal

Under CAFA, this Court has jurisdiction over putative class actions in which (a) minimal diversity exists; and (b) the amount in controversy exceeds $5 million. See 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions); 1332(d)(2) (granting district courts original jurisdiction over purported class action in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant").

Minimal diversity exists because at least one "member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Here, Plaintiffs allege they are citizens of Illinois. Ex. A, Compl. ¶¶ 11-12. "[A] corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Yardi is incorporated in California, and its

principal place of business is Goleta, California. Ex. A, Compl. ¶ 13; Ex. B, Decl. of Jay Shobe ¶ 4 ("Shobe Decl.").

The amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1446(b). Under CAFA, defendants need only show that there is a "reasonable probability that the stakes exceed" $5 million. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). The amount in controversy "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). "[O]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Id.* at 764.

The putative class in this case is comprised of "[a]ll current and former Illinois residents who are not subscribers to Yardi's PropertyShark platform and whose identities are or have been used to market paid subscriptions for the PropertyShark platform through property search reports or owner search results." Ex. A, Compl. ¶ 54. The Complaint alleges "Plaintiffs reasonably believe that the Class comprises of thousands of current and former Illinois citizens whose identities are contained in and/or viewable on the PropertyShark platform through its property reports." *Id.* ¶ 56. Plaintiffs claim they, as well as all other class members, are entitled to (a) statutory damages of up to $1,000 or (b) the sum of "actual damages" and "profits derived from the unauthorized use" for each violation of the statute, whichever is greater. Ex. A, Compl. ¶ 66 (citing 765 ILCS § 1075/40). The Complaint also

contemplates punitive damages, costs and attorneys' fees, and injunctive and declaratory relief. *Id.* ¶¶ 10, 66, 68.

According to Plaintiffs' allegations and proposed class definition, if Yardi made data available for at least 5,001 current or former Illinois citizens, then the $5 million threshold is crossed from statutory damages alone. Although Yardi disputes any liability exists as to it, data from over 5,000 current or former Illinois citizens is in PropertyShark's database, so the amount in controversy exceeds $5 million. Ex. B, Shobe Decl. ¶ 6. Additionally, Plaintiffs seek both punitive damages and attorneys' fees. Ex. A, Compl. ¶¶ 10, 66, 68. These could exceed actual or statutory damages awards and can be aggregated to meet the amount-in-controversy threshold. *See Roppo v. Travelers Commer. Ins. Co.*, 869 F.3d 568, 582 (7th Cir. 207) ("[Plaintiff] also seeks punitive damages, which favor into the amount-in-controversy calculation."). Therefore, this action satisfies CAFA's amount-in-controversy requirement. *See Blomberg*, 639 F.3d at 763 ("A good-faith estimate is acceptable if is plausible and adequately supported by the evidence[.]").

Finally, the procedural requirements for removal have been satisfied. The notice is timely because it was filed within 30 days of service, which was on July 26, 2024. 28 U.S.C. § 1446(b); Ex. A, Aff. of Service. The deadline to file this notice is thus August 26, 2024.[1] Yardi provided written notice of this removal to counsel for

[1] The thirty-day deadline was August 25, 2024, a Sunday. Pursuant to Federal Rule of Civil Procedure 6(a), Yardi's deadline to file its notice of removal is thus the following Monday, August 26, 2024. *See Miller v. Hypoguard USA, Inc.*, 2005 WL 2089212, at *2 (S.D. Ill. Aug. 25, 2005) (using Rule 6(a) to calculate the defendant's removal deadline).

Plaintiffs, and it has filed a copy of this notice with the clerk of the Circuit Court of Cook County. 28 U.S.C. § 1446(d).

DATED: August 26, 2024

Respectfully submitted,

*/s/ Ruddy S. Abam*

Ruddy S. Abam
HINSHAW & CULBERTSON LLP
191 N. Franklin Street, Suite 2500
Chicago, Illinois 60606
RAbam@hinshawlaw.com
Telephone: (312) 704-3000
Firm No. 90384

Ryan D. Watstein (*pro hac vice* forthcoming)
James M. Ruley (*pro hac vice* forthcoming)
Abigail L. Howd (*pro hac vice* forthcoming)
WATSTEIN TEREPKA LLP
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Telephone: (404) 905-2416
ryan@wtlaw.com
jruley@wtlaw.com
ahowd@wtlaw.com

*Attorney for Defendant Yardi Systems, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2024, I caused to be electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Ruddy S. Abam*
Ruddy S. Abam