**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANGELA SHEPHARD and ANNA BURZAWA, Illinois residents, individually and as representatives of a class of similarly situated persons, | ) | |
| Plaintiffs, | ) | Case No. 24-cv-07698 |
| v. | ) | |
| YARDI SYSTEMS INC., a California corporation, | ) | |
| Defendant. | ) | |

**DEFENDANT YARDI SYSTEMS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendant Yardi Systems, Inc. ("Yardi"), hereby submits its Answer and Affirmative Defenses to Plaintiffs Angela Shephard and Anna Burzawa's (collectively, "Plaintiffs") Class Action Complaint as follows:

## NATURE OF ACTION[1]

1. Plaintiffs and members of the proposed class (the "Class" or "Class Members") seek statutory damages, an injunction, and other relief from Yardi for violations of the Illinois Right of Publicity Act ("IRPA"), 765 ILC § 1075/1, *et seq.*

[1] For the Court's convenience, Yardi has incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings. But Yardi does not necessarily agree with and does not admit the characterizations of such headings unless specifically admitted herein; nor does Yardi waive any right to object to those characterizations.

**<u>Answer</u>**: Yardi admits that Plaintiffs seek statutory damages, an injunction, and other relief for alleged violations of the Illinois Right of Publicity Act ("IRPA"), 765 ILC § 1075/1, *et seq.* Except as expressly admitted herein, Yardi denies the remaining allegations of paragraph 1, denies any wrongdoing, and denies that Plaintiffs are entitled to any relief or have any cause of action against Yardi whatsoever.

2. IRPA prohibits using an individual's identity for commercial purposes without prior written consent. 765 ILCS § 1075/30.

**<u>Answer</u>**: The allegations in paragraph 2 are not well-pleaded allegations of fact and are instead legal conclusions to which no response is required. To the extent a response is required, Yardi admits only that 765 ILCS § 1075/30 speaks for itself. Yardi denies the remaining allegations in paragraph 2.

3. Yardi provides property management software and investment management solutions for various real estate professionals such as landlords, investors and leasing agents. One of Yardi's products is PropertyShark, a property-research website offering reports for commercial and residential properties, including aggregated real-estate data from numerous sources.

**<u>Answer</u>**: Yardi admits only that it offers real estate and property management software solutions to its clients, customers and/or subscribers, and that one of its products is PropertyShark, a real estate database and research tool that provides property information. Yardi denies the remaining allegations in paragraph.

4. Visitors to the PropertyShark website are able to view detailed property reports, which include personal identifying information corresponding to the property, such as the property owner's full name, the owner's address, the property's purchase date and price, and its property tax information. This information enables users to accurately identify an individual.

**Answer**: Yardi lacks sufficient knowledge to admit or deny the allegations in paragraph 4 of the Complaint and therefore denies them.

5. PropertyShark users can access these property reports by utilizing the "Properties" search function to search by address, neighborhood, city, and/or zip code. Users can also access these reports through utilizing the "Property Lists" tab. To access the search results and see ownership information, the user must create a PropertyShark account.

**Answer**: Yardi admits only that a "Properties" search function and a "Property Lists" tab are available on PropertyShark but lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 5 of the Complaint and therefore denies them.

6. PropertyShark also offers an "owner search" feature, allowing users to enter a person's name along with their "City/County, State, Zip or Borough" to view that person's portfolio of current and previously owned properties. To access the search results, a user must create a PropertyShark account. From the search results, the user is able to view the same property reports previously described in relation to the searched person.

**Answer**: Yardi admits only that PropertyShark offers a "Search by Owner" function but lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 6 of the Complaint and therefore denies them.

7. To view these property reports, a user must sign up for a free PropertyShark account, which allows the user to access one free report in order to acquaint prospective customers with the product. Once the free report is accessed, data on additional properties cannot be seen, with users receiving a message stating they have exceeded their quota of reports. These limitations are intended to encourage visitors to purchase a premium subscription to PropertyShark, which offers significantly discounted access to reports.

**Answer**: Yardi admits only that a free PropertyShark account allows the registrant one free property report, and that any additional property reports require the registrant to subscribe to PropertyShark or purchase individual reports. Yardi denies the remaining allegations in paragraph 7.

8. Plaintiffs and the Class have no relationship with Yardi or PropertyShark. They do not and have not subscribed to or used the PropertyShark platform. More importantly, Plaintiffs and the Class never provided Yardi or PropertyShark with written consent to use their identity to advertise premium subscriptions to the PropertyShark platform.

**Answer**: Yardi lacks sufficient knowledge to admit or deny the allegations in paragraph 8 of the Complaint and therefore denies them.

9. Despite failing to obtain written consent from Plaintiffs and the Class, Yardi nevertheless utilized their personal identifying information for the purpose of enticing users of PropertyShark to enter into paid premium subscriptions for additional access to reports contained in the platform. In other words, Yardi used Plaintiffs' and other Class Members' identities for commercial purposes without their written permission in violation of IRPA.

**Answer**: The allegations in paragraph 9 are not well-pleaded allegations of fact and are instead legal conclusions to which no response is required. To the extent a response is required, Yardi denies the allegations in paragraph 9.

10. Plaintiffs bring this Complaint seeking an order (i) declaring that Yardi's conduct violates IRPA and common law, (ii) requiring that Yardi cease the unlawful activities described herein and enjoining Yardi from committing the unlawful activities in the future, (iii) awarding Plaintiffs and the Class actual statutory damages in the amount of $1,000 per violation or an amount equal to actual damages/profits, whichever is greater, and (iv) an award for punitive damages, if warranted, and attorneys' fees and costs.

**Answer**: Yardi admits that Plaintiff's purport to bring the Complaint and seek certain relief. Yardi denies any remaining allegations in paragraph 10 of the Complaint.

## PARTIES

11. Plaintiff Angela Shephard is a citizen of the State of Illinois residing in Cook County.

**<u>Answer</u>:** Yardi lacks sufficient knowledge to admit or deny the allegations in paragraph 11 of the Complaint and therefore denies them.

12. Plaintiff Anna Burzawa is a citizen of the State of Illinois residing in Cook County.

**<u>Answer</u>:** Yardi lacks sufficient knowledge to admit or deny the allegations in paragraph 12 of the Complaint and therefore denies them.

13. Defendant Yardi is a California corporation with its principal place of business located in Goleta, California. For its product PropertyShark, Yardi seeks out and compiles identifying information of Illinois citizens and uses that information to market monthly or yearly subscriptions for PropertyShark to Illinois citizens and others without written consent.

**<u>Answer</u>:** Yardi admits that it is incorporated in California and its principal place of business is located in Goleta, California. Except as expressly admitted herein, Yardi denies the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

14. Jurisdiction is conferred by 735 ILCS § 5/2-209 in that Yardi, during the relevant period, sought out and compiled identifying information of Illinois citizens, and used that information for marketing without written consent. In doing so, Yardi committed the statutory violations related to the matters complained of herein in Illinois.

**<u>Answer</u>:** Whether this Court has jurisdiction over the Complaint is a legal conclusion to which no response is required. Yardi denies that it has committed any statutory violations and denies the remaining allegations in paragraph 14.

15. Venue is proper in Cook County pursuant to 735 ILCS § 5/2-101, *et seq.*, because Yardi is an out-of-state company that committed statutory violations towards citizens of Illinois residing, among other places, Cook County.

**<u>Answer</u>:** Whether venue is proper is a legal conclusion to which no response is required. Yardi denies that it has committed any statutory violations and denies the remaining allegations in Paragraph 15.

## <u>ILLINOIS RIGHT TO PUBLICITY ACT</u>

16. IRPA was enacted in 1999 to recognize individuals' – "right to control and to choose whether and how to use [their] individual identity for commercial purposes. 765 ILCS § 1075/10.

**<u>Answer</u>:** The allegations in paragraph 16 are not well-pleaded allegations of fact and are instead legal conclusions to which no response is required. To the extent a response is required, Yardi admits only that Plaintiffs purport to quote 765 ILCS § 1075/10, which speaks for itself. Yardi denies any remaining allegations in paragraph 16 of the Complaint.

17. IRPA defines "identity" as "any attribute of an individual but not limited to (i) name, (ii) signature, (iii) photograph, (iv) image, (v) likeness, or (vi) voice." 765 ILCS § 1075/5. "Commercial purpose" is defined in part as "the public use or holding

out of an individual's identity (i) on or in connection with the offering for sale of a product, merchandise, goods, or services; or (ii) for the purpose of fundraising." *Id.*

**Answer:** The allegations in paragraph 17 are not well-pleaded allegations of fact and are instead legal conclusions to which no response is required. To the extent a response is required, Yardi admits only that Plaintiffs purport to quote 765 ILCS § 1075/5, which speaks for itself. Yardi denies any remaining allegations in paragraph 17 of the Complaint.

18. IRPA prohibits the use of an individual's identity for commercial purposes without first obtaining prior written consent. 765 ILCS § 1075/30. IRPA provides that a violation of the Act may result in statutory damages in the amount of $1,000 per violation or actual damages and profits from the unauthorized use, whichever is greater. 765 ILCS § 1075/40. IRPA further provides that punitive damages may be rewarded for willful violations and authorizes the issuance of injunctive relief where appropriate. 765 ILCS § 1075/40 & 50.

**Answer:** The allegations in paragraph 18 are not well-pleaded allegations of fact and are instead legal conclusions to which no response is required. To the extent a response is required, Yardi admits only that Plaintiffs purport to quote 765 ILCS §§ 1075/30, 1075/40, & 1075/50, which speak for themselves. Yardi denies any remaining allegations in paragraph 18 of the Complaint.

## FACTUAL ALLEGATIONS

19. Yardi is a real estate software company that offers solutions for property management and investment management. In 2010, Yardi acquired PropertyShark,

a property research website that offers reports for commercial and residential properties, including ownership details, property values, and sales history.

**<u>Answer</u>:** Yardi admits only that it is a real estate software company, that it acquired PropertyShark in 2010, and that PropertyShark is a property research platform that offers property reports that include publicly available information. Yardi denies any remaining allegations in paragraph 19 of the Complaint.

20. PropertyShark's database of personal information stores data that "is aggregated from over 400 different sources."[2] These sources are both "public and proprietary."[3]

**<u>Answer</u>:** Yardi denies as worded the characterization that PropertyShark's database is a "database of personal information." Yardi otherwise admits the remaining allegations of paragraph 20.

21. According to PropertyShark, their data is collected "both manually and automatically," including by its "dedicated data research team [that] makes sure the information [it] gather[s] is as accurate as it can be."[4]

**<u>Answer</u>:** Yardi admits that the allegations of paragraph 21 accurately quote a portion of the PropertyShark website.

---

[2] *See* https://www.propertyshark.com/mason/text/services.html (last visited July 13, 2024).

[3] *See* https://support.propertyshark.com/hc/en-us/articles/360022415412-What-data-can-I-find-in-Property-Reports (last visited July 13, 2024).

[4] *See* https://www.propertyshark.com/mason/text/services.html (last visited July 13, 2024).

22. PropertyShark's platform allows users to search for properties in a specific city and view detailed reports on each property. When a user clicks on the "See Ownership" link for a property, they are shown a blurred report with a message indicating that the information is only accessible to subscribing users. The message at the top of the page states that a subscription is needed to access the available data.

**Answer**: Yardi admits that the allegations of paragraph 22 accurately quote a portion of the PropertyShark website. Yardi otherwise lacks sufficient knowledge to admit or deny the allegations in paragraph 22 of the Complaint and therefore denies them.

23. The PropertyShark platform also allows users to search for specific addresses, which brings the user directly to that property's report. The message at the top of the page states that the property report may be unlocked by signing up for a free account.

**Answer**: Yardi lacks sufficient knowledge to admit or deny the allegations in paragraph 23 of the Complaint and therefore denies them.

24. In addition to property searches, PropertyShark offers an "owner search" feature, which enables users to input an owner's name along with their "City/County, State, Zip or Borough" to find an owner's portfolio of current and previously owned properties. To view the owner search results, a user must create a PropertyShark account.

**Answer:** Yardi admits only that PropertyShark contains an "Owners" search option. Yardi denies that the complete "owner search" feature is available to PropertyShark "users" other than PropertyShark subscribers and denies any remaining allegations in paragraph 24 of the Complaint.

25. On the owner search results page, free account users are shown only the top three property results corresponding to the name entered, labeled by address. A message on the page states, "Your account gives you access to the first 3 results. Upgrade to any subscription to view all results or choose our Platinum package to also unlock Real Owners behind LLCs and their verified phone numbers." Clicking on any of the top three results leads to a property report page.

**Answer:** Yardi admits only that the allegations of paragraph 25 accurately quote a portion of the PropertyShark website and that users are only able to access a single property report without subscribing to PropertyShark. Yardi otherwise lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 25 of the Complaint and therefore denies them.

26. In order to view a property report—whether accessed through the property search or owner search features—a user must sign up for a free PropertyShark account. Upon completing the sign-up form, the user can view one free report. This single free report applies to both property and owner search features and is not separate for each.

**<u>Answer</u>:** Yardi admits only the allegation in paragraph 26 of the Complaint that an individual who signs up for a free PropertyShark account is able to access a single property report. Yardi denies any remaining allegations in paragraph 26.

27. Whether accessed through a search for properties, or the owner search function, the free property report contains the same information corresponding to the address, including the owner's full name, the owner's address, and the purchase date, price, and property tax details for the property, which collectively identify the property owner.

**<u>Answer</u>:** Yardi lacks sufficient knowledge to admit or deny the allegations in paragraph 27 of the Complaint and therefore denies them.

28. At the top of the free report, a message states "With a free account, users receive full and permanent access to **1 property** report. If you need more reports, you can either upgrade to a premium account or purchase individual reports. Please view your report below" (emphasis in original).

**<u>Answer</u>:** Yardi lacks sufficient knowledge to admit or deny the allegations in paragraph 28 of the Complaint and therefore denies them.

29. After the user generates their free report, reports on additional properties cannot be viewed. When a property is clicked from the search results, a page which is identical or similar to that shown below is displayed showing a message that the user has used their monthly quota of reports on a free account, and that to continue accessing property reports, the user must purchase an individual report or,

as more prominently advertised, purchase a subscription to PropertyShark (which offers a significantly reduced per-report rate).




**<u>Answer</u>:** Yardi admits only that the screenshot in paragraph 29 above appears to come from the PropertyShark website and shows the options available after an individual with a free PropertyShark account has viewed one free property report. Yardi otherwise lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 29 of the Complaint and therefore denies them.

30. Yardi offers two types of subscription plans for PropertyShark users wishing to access the site with a focus on Illinois: a “Pro” plan for $49.95 per month or $499.95 per year; and an “Elite” plan for $59.95 per month or $599.95 per year. The main difference between the plans is the number of reports that can be accessed each month, although the Elite plan also includes access to information about foreclosures.

**<u>Answer</u>:** Yardi denies the allegations in paragraph 30 of the Complaint.

31. The purpose behind Yardi providing users with a free PropertyShark account and one free report is to advertise and convince prospective customers to purchase subscriptions to PropertyShark, which offer significantly discounted access to reports compared to individual purchases. The monthly subscription under the "Pro" plan, starting at $49.95, includes 175 reports at the much lower rate of $0.29 per report and is prominently highlighted as the "best deal!" in comparison to purchasing individual reports. The free account and report serve as a preview of the platform's features and the type of information available, forming part of a commercial strategy mainly aimed at enticing users to commit to a monthly or yearly subscription. Users also have the option to purchase individual reports at $4.95 each, and this is a secondary commercial objective that is also promoted by the provision of one free report.

**Answer:** Yardi denies the allegations in paragraph 31 of the Complaint.

32. On information and belief, PropertyShark searches for and compiles personal information of individuals, including Class Members, from online sources and public records without their knowledge or consent. Yardi does not obtain written consent from these individuals before using their identities to market its subscription services.

**Answer:** Yardi denies the allegations in paragraph 32 of the Complaint.

**Facts relating to Angela Shephard**

33. In April 2024, Angela Shephard discovered that her identity was accessible through PropertyShark. Angela Shephard can confirm that a report for

her property is contained in the PropertyShark database which includes her name as the property owner, the property address (which is her home), purchase date of the property, purchase price of the property, property tax details, and other information about the property she owns in Illinois. The report is accessible through both the property search and owner search functions.

**Answer**: Yardi lacks sufficient knowledge to admit or deny the allegations in paragraph 33 of the Complaint and therefore denies them.

34. Potential customers availing themselves of Yardi's PropertyShark platform are able to view and, on information and belief, have viewed information on Shephard using their free account.

**Answer**: Yardi denies the allegations in paragraph 34 of the Complaint.

35. Yardi allows access to the report of Shephard contained on its PropertyShark platform to have potential customers familiarize themselves with the platform in the hope that those customers are incentivized to enter into paid subscriptions for continued access to the platform. Thus, Shephard's identity has been used by Yardi to market paid subscriptions to PropertyShark.

**Answer**: Yardi denies the allegations in paragraph 35 of the Complaint.

36. Shephard has no relationship with Yardi and does not utilize or subscribe to its PropertyShark platform.

**Answer**: Yardi lacks sufficient knowledge to admit or deny the allegations in paragraph 36 of the Complaint and therefore denies them.

37. Shephard did not give consent, written or otherwise, to Yardi to use her name, likeness, personal information, or identity for its PropertyShark platform, or for any other reason. Nor did Shephard provide Yardi with written consent to use her identity for commercial purposes. Had Yardi requested her consent, Shephard would not have provided it.

**Answer**: Yardi lacks sufficient knowledge to admit or deny the allegations in paragraph 37 of the Complaint and therefore denies them.

38. Shephard does not know how Yardi obtained her name and identifying information for its PropertyShark platform. On information and belief, PropertyShark compiled her information from various sources of information, including public records.

**Answer**: Yardi lacks sufficient knowledge to admit or deny the allegations in sentence 1 of paragraph 38 of the Complaint and therefore denies them. As to sentence 2, Yardi admits only that information on the PropertyShark is compiled from public records. Except as expressly admitted, Yardi denies the allegations set forth in sentence 2 of paragraph 38 of the Complaint.

39. Yardi did not obtain written consent from Shephard prior to compiling her personal information to create a report on her for PropertyShark. Yardi also did not obtain prior written permission to use her name and other identifying information to advertise paid subscriptions for PropertyShark or the purchase of other individual property reports on the platform. On information and belief, Yardi did not obtain

written permission from any sources from which it compiled Shephard's personal identifying information for its PropertyShark platform.

**<u>Answer</u>:** Yardi lacks sufficient knowledge to admit or deny the allegations in paragraph 39 of the Complaint and therefore denies them.

40. Shephard has intellectual property and privacy interests in her name, likeness, and identity as recognized by Illinois statutory and common law. Shephard has the right to exclude anyone from using her identity for commercial purposes without her written permission.

**<u>Answer</u>:** The allegations in paragraph 40 are not well-pleaded allegations of fact and are instead legal conclusions to which no response is required. To the extent a response is required, Yardi denies the allegations in paragraph 40.

41. Yardi's use of Shephard's identity to advertise subscriptions to PropertyShark or the purchase separate, individual reports is misleading in that it give the false impression that Shephard is a willing participant in the platform, which she is not, and that she wants to receive unsolicited communications from parties such as real estate agents, property developers, and interested homebuyers, which she does not.

**<u>Answer</u>:** Yardi denies the allegations in paragraph 41 of the Complaint.

42. Yardi has injured Shephard by using her identity for its own commercial purposes without compensation or permission in violation of IRPA.

**Answer**: The allegations in paragraph 42 are not well-pleaded allegations of fact and are instead legal conclusions to which no response is required. To the extent a response is required, Yardi denies the allegations in paragraph 42.

**Facts relating to Anna Burzawa.**

43. In May 2024, Anna Burzawa discovered that his persona was accessible through PropertyShark. Anna Burzawa can confirm that a report for her property is contained in the PropertyShark database which includes his name as the property owner, the property address (which is her home), purchase date of the property, purchase price of the property, property tax details, and other information about the property she owns in Illinois. The report is accessible through both the property search and owner search functions.

**Answer**: Yardi lacks sufficient knowledge to admit or deny the allegations in paragraph 43 of the Complaint and therefore denies them.

44. Potential customers availing themselves of Yardi's PropertyShark platform are able to view and, on information and belief, have viewed information on Burzawa using their free account.

**Answer**: Yardi denies the allegations in paragraph 44 of the Complaint.

45. Yardi allows access to the report of Burzawa contained on its PropertyShark platform to have potential customers familiarize themselves with the platform in the hope that those customers are incentivized to enter into paid subscriptions for continued access to the platform. Thus, Burzawa's identity has been used by Yardi to market paid subscriptions to PropertyShark.

**<u>Answer</u>**: Yardi denies the allegations in paragraph 45 of the Complaint.

46. Burzawa has no relationship with Yardi and does not utilize or subscribe to its PropertyShark platform.

**<u>Answer</u>**: Yardi lacks sufficient knowledge to admit or deny the allegations in paragraph 46 of the Complaint and therefore denies them.

47. Burzawa did not give consent, written or otherwise, to Yardi to use his persona for its PropertyShark platform, or for any other reason. Nor did Burzawa provide Yardi with written consent to use her identity for commercial purposes. Had Burzawa requested his consent, she would not have provided it.

**<u>Answer</u>**: Yardi lacks sufficient knowledge to admit or deny the allegations in paragraph 47 of the Complaint and therefore denies them.

48. Burzawa does not know how Yardi obtained her name and identifying information for its PropertyShark platform. On information and belief, PropertyShark compiled her information from various sources of information, including public records.

**<u>Answer</u>**: Yardi lacks sufficient knowledge to admit or deny the allegations in sentence 1 of paragraph 48 of the Complaint and therefore denies them. As to sentence 2, Yardi admits only that information on the PropertyShark is compiled from public records. Except as expressly admitted, Yardi denies the allegations set forth in sentence 2 of paragraph 48 of the Complaint.

49. Yardi did not obtain written consent from Burzawa prior to compiling her personal information to create a report on her for PropertyShark. Yardi also did not obtain prior written permission to use her name and other identifying information to advertise paid subscriptions for PropertyShark. On information and belief, Yardi did not obtain written permission from any sources from which it compiled Burzawa's personal identifying information for its PropertyShark platform.

**Answer**: Yardi denies the allegations in paragraph 49 of the Complaint.

50. Burzawa has intellectual property and privacy interests in her name, likeness, and identity recognized by Illinois statutory and common law. Burzawa has the right to exclude anyone from using her identity for commercial purposes without her written permission.

**Answer**: The allegations in paragraph 50 are not well-pleaded allegations of fact and are instead legal conclusions to which no response is required. To the extent a response is required, Yardi denies the allegations in paragraph 50.

51. Yardi's use of Burzawa's identity to advertise subscriptions to PropertyShark or the purchase separate, individual reports is misleading in that it give the false impression that Burzawa is a willing participant in the platform, which she is not, and that she wants to receive unsolicited communications from parties such as real estate agents, property developers, and interested homebuyers, which she does not.

**Answer**: Yardi denies the allegations in paragraph 51 of the Complaint.

52. Yardi has injured Burzawa by using her identity for its own commercial purposes without compensation or permission in violation of IRPA.

**<u>Answer</u>:** The allegations in paragraph 52 are not well-pleaded allegations of fact and are instead legal conclusions to which no response is required. To the extent a response is required, Yardi denies the allegations in paragraph 52.

## <u>CLASS ALLEGATIONS</u>

53. Plaintiffs bring this action on behalf of themselves, and all others similarly situated, as a class action pursuant to765 ILCS § 5/2-801.

**<u>Answer</u>:** Yardi admits only that Plaintiffs purport to bring this action on behalf of themselves and all other similarly situated persons. Except as expressly admitted, Yardi denies any remaining allegations in paragraph 53 of the Complaint and further denies the putative class can be certified.

54. All Class Plaintiffs seek to represent is defined as follows:

> All current and former Illinois residents who are not subscribers to Yardi's PropertyShark platform and whose identities have been used to market paid subscriptions for the PropertyShark platform through property search reports and owner search reports.

**<u>Answer</u>:** Yardi admits only that Plaintiffs purport to bring this action on behalf of themselves and all other similarly situated persons and defines the putative class as described in paragraph 54 of the Complaint. Except as expressly admitted, Yardi denies any remaining allegations in paragraph 54 of the Complaint and further denies the putative class can be certified.

55. Excluded from the Class are Yardi, its officers, directors, shareholders, employees, attorneys (and attorney family members), and members of the Illinois judiciary. Plaintiffs reserve the right to amend the Class definition upon completion of class discovery when the contours and the parameters of the Class become more apparent.

**<u>Answer</u>:** Yardi admits only that Plaintiffs purport to exclude from the putative class defined in paragraph 54 of the Complaint "Yardi, its officers, directors, shareholders, employees, attorneys (and attorney family members), and members of the Illinois judiciary." Yardi denies any remaining allegations in paragraph 55 of the Complaint and further denies the putative class can be certified.

56. **Numerosity**. The members of the class are so numerous that joinder of all members is impractical. Based on the investigation by their counsel and representations made by Yardi on the PropertyShark website, Plaintiffs reasonably believe that the class comprises thousands of current and former Illinois citizens whose identities are contained in and/or viewable on PropertyShark's platform through its property searches. The exact number of persons in the class can be determined from records maintained by Yardi, but certainly exceeds 40, and is estimated to be in the thousands.

**<u>Answer</u>:** Yardi denies the allegations in paragraph 56 of the Complaint.

57. **Common Questions of Law and Fact Predominate**. There are many common questions of law and fact that exist as to Plaintiffs and members of the Class, and those questions substantially predominate over any questions that may

affect individual Class members. Common questions of fact and law include, but are not limited to:

(a) whether Yardi uses Plaintiffs' and Class Members' identities in property search reports and owner search results for its own commercial benefit;

(b) whether Yardi obtained written consent from Plaintiffs and the Class prior to using their identities in property search reports and owner search results promoting its platform as required by 765 ILCS § 1075/30;

(c) whether the conduct described herein constitutes a violation of IRPA;

(d) whether Yardi's commercial use of the identities of Plaintiffs and the Class was willful such that Plaintiffs and the Class are entitled to punitive damages; and

(e) Plaintiffs and the members the Class have a commonality of interest in the subject matter of the lawsuit and remedies sought.

**Answer**: Yardi denies the allegations in paragraph 57 of the Complaint, including subparts (a) through (e)

58. Plaintiffs and the members of the Class have a commonality of interest in the subject matter of the lawsuit and remedies sought.

**Answer**: Yardi denies the allegations in paragraph 58 of the Complaint.

59. **Typicality**. Plaintiffs' claims are typical of the claims of the members of the Class. Yardi's misuse of Plaintiffs' and Class Members' identities, personal information, and other identifying information was the same for each.

**Answer**: Yardi denies the allegations in paragraph 59 of the Complaint

60. **Adequacy of Representation**. Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs have retained competent counsel experienced in class action litigation in state and federal courts nationwide, and Plaintiffs have no interest adverse to any member of the Class. Plaintiffs intend to prosecute this case vigorously on behalf of themselves and the Class.

**Answer**: Yardi denies the allegations in paragraph 60 of the Complaint.

61. **Superiority of Class Action**. A class action is an appropriate method for the fair and efficient adjudication of the controversy pursuant to 765 ILCS § 1075/5/2-801(4) because it involves a uniform course of conduct equally applicable to the Plaintiffs and all members of the Class. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs and can therefore best secure the economies of time, effort and expense to accomplish the other ends of equity and justice that this action seeks to obtain.

**Answer**: Yardi denies the allegations in paragraph 61 of the Complaint.

**Violations of IRPA 765 § 1075/1, *et seq.***

62. As stated, IRPA defined "right of publicity" as the "right to control and to choose whether and how to use an individual's identity for commercial purposes." 765 § 1075/10.

**Answer**: The allegations in paragraph 62 are not well-pleaded allegations of fact and are instead legal conclusions to which no response is required. To the extent a response is required, Yardi admits only that Plaintiffs purport to quote 765 ILCS § 1075/10, which speaks for itself.

63. IRPA prohibits and provides damages for using and individual's identity for commercial purposes without first obtaining written consent. 765 § 1075/30.

**Answer**: The allegations in paragraph 63 are not well-pleaded allegations of fact and are instead legal conclusions to which no response is required. To the extent a response is required, Yardi admits only that Plaintiffs purport to quote 765 ILCS § 1075/30, which speaks for itself.

64. By engaging in the foregoing acts and omissions, Yardi used Plaintiffs' and Class Members' identities for commercial purposes without first obtaining written consent.

**Answer**: Yardi denies the allegations in paragraph 64 of the Complaint.

65. Each use of Plaintiffs' and Class Member's identity through property search reports and owner search results is a separate and distinct violation of IRPA giving right to damages.

**Answer**: Yardi denies the allegations in paragraph 65 of the Complaint.

66. Under IRPA, Yardi is liable for the greater of: (i) statutory damages in the amount of $1,000 per violation; or (ii) the sum of "actual damages" and "profits derived from the unauthorized use." 765 ILCS § 1075/40. IRPA also provides for

punitive damages if the violation is willful and injunctive relief. 765 ILCS § 1075/40 & 50.

**<u>Answer</u>:** Yardi admits only that paragraph 66 purports to quote IRPA (765 ILCS § 1075/40), which speaks for itself, but denies that Yardi violated IRPA or any other law and, accordingly, denies that Plaintiffs and the putative Class are entitled to any such relief.

67. As a result of Yardi's violations of IRPA, Plaintiffs and the Class have suffered injury to their privacy rights and economic damages. Plaintiffs and the Class Members have been denied commercial value of their identities, which Yardi used without permission from or compensation to Plaintiffs and the Class. Plaintiffs and the Class Members were denied their statutory protected right to control how their identities are used and suffered damages based on that misuse.

**<u>Answer</u>:** Yardi denies the allegations in paragraph 67 of the Complaint.

68. Plaintiffs on behalf of the Class seek (i) statutory damages for each violation of IRPA, or alternatively, actual damages and profits derived from the unauthorized use of Plaintiff's and Class Members' identities, whichever is greater; (ii) punitive damages if it is found that Yardi's actions were willful; prejudgment interest; injunctive and declaratory relief; and (iii) an award of attorneys' fees and costs.

**<u>Answer</u>:** Yardi admits only that Plaintiffs purport to seek statutory or actual damages, punitive damages, attorneys' fees and costs, and other relief for alleged violations of IRPA. Except as expressly admitted herein, Yardi denies the remaining

allegations of this paragraph, denies any wrongdoing, and denies that Plaintiffs are entitled to any relief or have any cause of action against Yardi whatsoever.

**WHEREFORE**, Plaintiffs, ANGELA SHEPHARD and ANNA BURZAWA, individually and on behalf of all other similarly situated persons, demand judgment in their favor and against Defendant Yardi Systems, Inc. as follows:

A. Certifying this case as a Class Action and appointing Plaintiffs and their attorneys as class representatives and class counsel, respectively;

B. Declaring that Yardi's actions, as described herein, violate IRPA;

C. Awarding statutory damages to Plaintiffs and the Class for each violation of IRPA or, alternative, actual damages and profits derived from the unauthorized use of Plaintiffs' and Class Members' identities, whichever is greater, plus prejudgment interest;

D. Enjoining Yardi from committing further violations of IRPA;

E. Awarding Plaintiffs reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provide by IRPA; and

F. Awarding such other and further relief as this Court deems appropriate and just.

**Answer:** In response to the unnumbered "WHEREFORE" paragraph following paragraph 68, Yardi denies each and every allegation in subparagraphs A through F. Yardi further denies that Plaintiffs are entitled to class certification, appointment as class representatives or counsel, statutory or actual damages, equitable relief, injunctive relief, fees, costs, or any relief whatsoever.

## GENERAL DENIAL

Yardi denies any and all allegations set forth in the Complaint that are not specifically admitted herein.

## AFFIRMATIVE & OTHER DEFENSES

Yardi asserts the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Yardi does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

Plaintiffs fail to allege facts sufficient to establish any claim for relief against Yardi or otherwise to support a judgment or finding of liability against Yardi, and therefore Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Arbitration and Class Waiver)

Plaintiffs and the putative class members may be barred from asserting their claims in this forum to the extent their claims are subject to a binding arbitration agreement and an agreement to pursue their disputes on an individual (non-class) basis, depriving the Court of jurisdiction over Plaintiffs' claims, and rendering venue in this Court improper.

### THIRD AFFIRMATIVE DEFENSE
### (Acquiescence, Estoppel, Waiver, Fraud, Conspiracy and Unclean Hands)

Plaintiffs and the putative class members are barred from asserting their claims, in whole or in part, by the doctrine of acquiescence, estoppel, waiver, and/or unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**
**(Laches)**

Plaintiffs and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiffs and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate damages.

**SIXTH AFFIRMATIVE DEFENSE**
**(Consent)**

This action is barred, in whole or in part, by the doctrine of consent. By their actions and inaction, Plaintiffs and the putative class members may have consented to and approved part or all of the actions and omissions about which Plaintiffs now complain. Accordingly, Plaintiffs and the putative class members may be barred from pursuing this action.

**SEVENTH AFFIRMATIVE DEFENSE**
**(No Damages)**

Plaintiffs and the putative class members' claims are barred, in whole or in part, because they have not suffered damages or other actionable injury.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations and Repose)**

This action is barred in whole or in part by the applicable statute of limitations and/or statute or repose.

**NINTH AFFIRMATIVE DEFENSE**
**(Standing)**

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because they lack standing to sue.

**TENTH AFFIRMATIVE DEFENSE**
**(Substantive Due Process)**

IRPA violates the Fourteenth Amendment of the United States Constitution's Due Process Clause because it provides uncapped statutory damages.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(No Commercial Use)**

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because Yardi does not advertise or promote its services using their information or otherwise make commercial use of such information.

**TWELFTH AFFIRMATIVE DEFENSE**
**(No Private Information)**

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the information at issue is not private.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Statutory Exemptions)**

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the statutory exemptions in the IRPA.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(First Amendment)**

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the challenged conduct is protected by the First Amendment to the Constitution of the United States.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Communications Decency Act (47 U.S.C. § 230)**

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by § 230 of the Communications Decency Act (47 U.S.C. § 230).

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Only Incidental Use)**

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because the uses of their contact information alleged in the Complaint qualifies only as incidental use.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Adequate Remedy at Law)**

Plaintiffs' and the putative class members' claims for equitable relief are barred, in whole or in part, because Plaintiffs and the putative class members have an adequate remedy at law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Copyright Act)**

Plaintiffs' and the putative class members' claims are barred, in whole or in part, because they are preempted by the Copyright Act.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Dormant Commerce Clause)**

To the extent Plaintiffs and the putative class members seek to apply IRPA to conduct occurring outside of Illinois, those claims are barred, in whole or in part, by the Dormant Commerce Clause.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Extraterritoriality Doctrine)**

To the extent Plaintiffs and the putative class members seek to apply IRPA to conduct occurring outside of Illinois, those claims are barred, in whole or in part, by the extraterritoriality doctrine.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Class Action Deficiencies)**

Plaintiffs cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action. Further, Yardi gives notice that in the event that this Court certifies a class, which Yardi denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(Reservation of Right to Assert Further Defenses)**

Yardi has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Yardi reserves the right to amend its Answer to assert any such defense.

**PRAYER FOR RELIEF**

WHEREFORE, Yardi prays for judgment as follows:

1. That Plaintiffs take nothing from Yardi by reason of this Complaint and that judgment be entered in favor of Yardi.
2. For dismissal of the Complaint with prejudice.

3. That the Court award Yardi costs and reasonable attorneys' fees.

4. For such other relief as the Court deems just and proper.

Respectfully submitted this 3rd day of September 2024.

*/s/Ryan D. Watstein*
Ryan D. Watstein (*pro hac vice*)
James M. Ruley (*pro hac vice*)
Abigail L. Howd (*pro hac vice*)
WATSTEIN TEREPKA LLP
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Telephone: (404) 905-2416
ryan@wtlaw.com
jruley@wtlaw.com
ahowd@wtlaw.com

Justin M. Penn
HINSHAW & CULBERTSON LLP
191 N. Franklin Street, Suite 2500
Chicago, Illinois 60606
jpenn@hinshawlaw.com
Telephone: (312) 704-3000
Bar ID Number: 06283726

*Attorneys for Defendant Yardi Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2024, I caused to be electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/Ryan D. Watstein*
Ryan D. Watstein