**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANGELA SHEPHARD and ANNA BURZAWA, Illinois residents, individually and as representatives of a class of similarly situated persons, | ) | |
| Plaintiffs, | ) | Case No. 24-cv-07698 |
| v. | ) | |
| YARDI SYSTEMS INC., a California corporation, | ) | |
| Defendant. | ) | |

**DEFENDANT YARDI SYSTEMS, INC.'S RESPONSE TO PLAINTIFFS' LOCAL RULE 56.1(b)(3) STATEMENT OF ADDITIONAL FACTS**

Defendant Yardi Systems, Inc. hereby submits its response to Plaintiffs' Local Rule 56.1(b)(3) statement of additional facts, and state as follows:

1. Yardi owns and operates the website www.PropertyShark.com, a property research website that offers, *inter alia*, information about residential properties in the United States, including Cook County, Illinois. (Pls.' Resp. DSOF ¶ 1; Shobe Dep. at 11:10-17).

**Response:** Undisputed that Yardi owns and operates www.PropertyShark.com and that PropertyShark offers services including but not limited to information about properties in the United States. *See* Ex. A, Shobe Dep.[1] at 11:10-17 (noting Yardi also offers commercial services).

2. There are three levels of "users" for the PropertyShark platform: (1) the completely anonymous user (who can access the website but who has a "limited

[1] Plaintiffs' counsel appear to have inadvertently attached Angela Shephard's deposition transcript to their statement of additional facts instead of Mr. Shobe's transcript. As such, Mr. Shobe's deposition transcript is attached as Exhibit A to this filing.

ability" to see any data); (2) a registered user, who has signed up with their email address, but is not yet a subscriber; and (3) a subscriber. (Shobe Dep. at 12:18-13:6).

**Response:** Undisputed.

3. PropertyShark offers a free account that allows the registered user to the free account ("free trial user") one free property report; any additional property reports require the registrant to subscribe to PropertyShark. (Doc. 9, Ans. ¶¶ 7, 25, 26; Pls.' Resp. DSOF ¶¶ 5, 6; Shobe Dep. at 15:9-17; 70:14-23).

**Response:** Undisputed.

4. The image below from the PropertyShark website shows the options available after an individual with a free PropertyShark account has viewed one free property report. (Doc. 9, Def.'s Ans.¶ 29).




**Response:** Undisputed that the screenshot above appears to come from some place on the PropertyShark website at some point in time. Disputed as relevant to this case because the screenshot is unauthenticated, and there is no evidence cited that it is a true and correct copy of what an individual viewing either of Plaintiffs' property reports as free reports would have seen, much less immediately after they viewed Plaintiffs' reports. This point is also immaterial because it doesn't matter for summary judgment for the many reasons explained in Yardi's motion and reply.

5. For a free trial user, or a subscriber, the PropertyShark property search function allows the user to search by address of the property or by the property owner's name. (Shobe Dep. at 13:23-14:11; Shobe Dep. at 15:6-8).

**Response:** Undisputed.

6. The complete "owner search" offered by PropertyShark is not available to free trial users of PropertyShark other than subscribers. (Doc. 9, Ans. ¶ 24).

**Response:** Undisputed to the extent this concerns a hypothetical search about a person (unlike Plaintiffs) who owns numerous properties in a particular locale, in which case only the first three results are displayed on the search page, as Plaintiffs alleged in their complaint. (Doc. 1 ¶ 25.) Disputed to the extent Plaintiffs intend to imply that this statement applies here—whether to the Subject Properties or the PropertyShark reports at issue in this case. First, they cite no evidence in the record to support that proposition. Nor is there any. In fact, the record contradicts it. Plaintiffs' lawyers' litigation consultants only ever pulled one free "property report" on each of the two Subject Properties, and free trial users are "able to view all the information contained in the PropertyShark database about that property" in connection with their "one free property report." (Doc. 32-1, Shobe Dec. ¶ 9.) That's true whether users pull it using the "Properties" search function or the "owner search" feature, as Plaintiffs concede in their Complaint. (Doc. 1-1, Compl. ¶ 27 ("Whether accessed through a search for properties, or the owner search function, the free property report contains the same information")).

7. For a free trial user, or a subscriber, the property search function also allows searches by ZIP code, city, and county. (Shobe Dep. at 14:12-23).

**Response:** Undisputed.

8. Shobe on behalf of Yardi testified that the free trial "is a common way for web platforms to give potential users an idea about what types of information that PropertyShark makes available, and that allows them to make an informed decision

on whether they want to subscribe or not." (Shobe Dep. at 64:14-22). Shobe also testified that a free trial allows a free trial user "to navigate the site to get a feel for the site, and then allows them to look at information about a single property." (Id. at 63:5-15).

**Response:** Undisputed.

9. One method by which PropertyShark provides information regarding residential properties is in a format referred to as a property report, which Shobe refers to as a "summary report," that can be downloaded in a PDF format which represents a subset of the data that is available to subscribers. (Shobe Dep. at 11:24-12:10).

**Response:** Disputed in part. Mr. Shobe testified that a summary report of property data could be downloaded from PropertyShark, but also that the website contained an interactive webpage with additional data that also was part of the property report. *See* Shobe Dep. At 11:24-12:10; 16:5-7; 57:6-10. Mr. Shobe also later expressly clarified that "registered users can see, for the single property that they chose, both the summary and the detailed report." Shobe Dep. at 63:16:24; 64:1-13.

10. The "Shephard Property Report" is a summary report that was created on April 24, 2024, from data in the PropertyShark database; it contains categories for property owner, address, property taxes and assessed value. (Shobe Dep. at 15:19-16:9; 17:4-18:7; 19:1-6; *id.* at Ex. 9). The property tax amount contained in the Shephard Property Report is contained in the PropertyShark database. (Shobe Dep. at 52:2-7).

**Response:** Undisputed that Plaintiffs' litigation consultants, acting on Plaintiffs' counsel's behalf, created the "Shephard Property Report" on April 24, 2024 when they ran a query of data in the PropertyShark database. (Doc. 32 ¶¶ 25–31.)

11. The "Burzawa Property Report" is a summary report that was created on May 17, 2024, from data in the PropertyShark database, is also "summary"

property report. (Shobe Dep. at 19:19-20; 20:16-21:14; *id.* at Ex. 11). The property tax amount contained in the Burzawa Property Report is contained in the PropertyShark database. (Shobe Dep. at 55:18-56:12).

**Response:** Undisputed that Plaintiffs' counsel's litigation consultants, acting on their behalf, created the "Burzawa Property Report" on May 17, 2024 when they ran a query of data in the PropertyShark database. (Doc. 32 ¶¶ 25–31.)

12. Tax information and assessed values change on a year-to-year basis in Cook County, Illinois. (Shobe Dep. at 25:8-11; 31:2-5).

**Response:** Undisputed but immaterial, as data about property taxes is not part of someone's "identity" under IRPA. *See* 765 ILCS 1075/30 (IRPA prohibits the unauthorized use of an individual's "identity" for "commercial purposes"); 765 ILCS 1075/5 ("Identity" includes the photograph, image, likeness, and name of an individual).

13. The data contained in the PropertyShark database for the section titled "Property Taxes" shown in the Shephard Property Report dated April 24, 2024, for Plaintiff Angela Shephard's property at 20081 Tam Oshanter Ct., Olympia Fields, Illinois 60461 (BURZ/SHEP 0009), was obtained by PropertyShark from the Cook County Assessor and uploaded into the PropertyShark database on February 21, 2024. (Joint Stipulation ¶ 1, attached to the Appendix of Exhibits as Exhibit 2).

**Response:** Undisputed but immaterial, as data about property taxes is not part of someone's "identity" under IRPA. *See* 765 ILCS 1075/30 (IRPA prohibits the unauthorized use of an individual's "identity" for "commercial purposes"); 765 ILCS 1075/5 ("Identity" includes the photograph, image, likeness, and name of an individual).

14. Additional data contained in the PropertyShark database for Plaintiff Angela Shephard's property at 20081 Tam Oshanter Ct., Olympia Fields, IL 60461 for the "Property Tax" and "Taxes" sections was obtained by PropertyShark from the

Cook County Assessor and uploaded into the PropertyShark database on July 4, 2024. (Joint Stipulation ¶ 2).

**Response:** Undisputed but immaterial, as data about property taxes is not part of someone's "identity" under IRPA. *See* 765 ILCS 1075/30 (IRPA prohibits the unauthorized use of an individual's "identity" for "commercial purposes"); 765 ILCS 1075/5 ("Identity" includes the photograph, image, likeness, and name of an individual).

15. The data contained in the PropertyShark database for the section titled "Property Taxes" shown in the Burzawa Property Report dated May 17, 2024, for Plaintiff Anna Burzawa's property at 5608 North Mango Avenue, Chicago, IL 60646 (BURZ/SHEP 0006), was obtained by PropertyShark from the Cook County Assessor and uploaded into the PropertyShark database on February 21, 2024. (Joint Stipulation ¶ 4).

**Response:** Undisputed but immaterial, as data about property taxes is not part of someone's "identity" under IRPA. *See* 765 ILCS 1075/30 (IRPA prohibits the unauthorized use of an individual's "identity" for "commercial purposes"); 765 ILCS 1075/5 ("Identity" includes the photograph, image, likeness, and name of an individual).

16. Additional data contained in the PropertyShark database for Plaintiff Anna Burzawa's property at 5608 North Mango Avenue, Chicago, IL 60646 for the "Property Tax" and "Taxes" sections (reflected in Yardi 0018, 0025-0026) was obtained by PropertyShark from the Cook County Assessor and uploaded into the PropertyShark database on July 4, 2024. (Joint Stipulation ¶ 5).

**Response:** Undisputed but immaterial, as data about property taxes is not part of someone's "identity" under IRPA. *See* 765 ILCS 1075/30 (IRPA prohibits the unauthorized use of an individual's "identity" for "commercial purposes"); 765 ILCS

1075/5 ("Identity" includes the photograph, image, likeness, and name of an individual).

17. Data obtained by PropertyShark from the tax assessor is downloaded through a paid account. (Shobe Dep., Errata Sheet, Page 27/Line 1).

**Response:** Undisputed but immaterial, as data about property taxes is not part of someone's "identity" under IRPA. *See* 765 ILCS 1075/30 (IRPA prohibits the unauthorized use of an individual's "identity" for "commercial purposes"); 765 ILCS 1075/5 ("Identity" includes the photograph, image, likeness, and name of an individual).

18. Shobe testified that summary property reports (*id.* at Exhibits 9 and 11), are available to registered users, and the "more detailed report is available to subscribers." (Shobe Dep. at 57:5-16.)

**Response:** Disputed. As Plaintiffs acknowledge in the following paragraph, Shobe expressly clarified that "registered users can see, for the single property that they chose, both the summary and the detailed report." Ex. A, Shobe Dep. at 63:16:24; 64:1-13.

19. Shobe also testified that "I believe I said that as a registered user who is not a subscriber, that they can see the property—they can see a summary report, but not a detailed report. In thinking about it, I believe that the registered users can see, for the single property that they chose, both the summary and the detailed report." (Shobe Dep. at 63:16:24; 64:1-13).

**Response:** Undisputed that Mr. Shobe clarified that "registered users can see, for the single property that they chose, both the summary and the detailed report." Ex. A, Shobe Dep. at 63:16:24; 64:1-13.

20. Every time a free trial was undertaken within one year of the filing of the Complaint (July 15, 2023, to July 15, 2024), Shephard's and Burzawa's names were accessible in response to a search. (Shobe Dep. at 67:2-68:22).

**Response:** Disputed as stated. Undisputed to the extent Plaintiffs mean that if a user had chosen to input Plaintiffs' full names and searched for them in Cook County, the user would have returned the Subject Properties associated with Plaintiffs' names. (Doc. 32-1, Shobe Dec. ¶15.) But immaterial for many reasons, including because this isn't a "use" or "holding out" of Plaintiffs' names *by Yardi* and because the only individuals who ever searched for and accessed Plaintiffs' property reports were Plaintiffs' counsel's litigation consultants acting on their behalf. (Doc. 32 ¶¶ 25–31.)

21. "The data within the PropertyShark database is updated throughout the year, and therefore any searches that are done throughout the year might return different results depending on the search criteria entered." (Shobe Dep. at 70:24-71:16).

**Response:** Undisputed but immaterial here, as the data being discussed in Mr. Shobe's testimony was about property taxes, which are not part of someone's "identity" under IRPA. *See* 765 ILCS 1075/30 (IRPA prohibits the unauthorized use of an individual's "identity" for "commercial purposes"); 765 ILCS 1075/5 ("Identity" includes the photograph, image, likeness, and name of an individual).

22. Yardi does not have written consent from either Burzawa or Shephard to use their identities for a commercial purpose or any purpose. (Burzawa Dep. at 69:11-20; 72:10-73:4; Shephard Dep. at 68:2-5; Shobe Dep. at 73:23-74:8).

**Response:** Undisputed but immaterial, because Yardi does not "use" Plaintiffs' "identities" for a commercial one.

23. Neither Burzawa nor Shephard know when the information about their property was first available on the PropertyShark website. (Burzawa Dep. at 45:4-12, 62:4-8; Shephard Dep. at 40:13-17).

**Response:** Undisputed but immaterial, as IRPA's 1-year statute of limitations is not contingent on when a plaintiff first learned the information was available.

24. Yardi admitted that if a person had never heard of PropertyShark, there would be no reason for that person to know the existence of the PropertyShark database and therefore they would not know that any data related to them would be included in a database they did not know anything about. (Shobe Dep. at 69:12-23).

**Response:** Undisputed but immaterial, as IRPA's 1-year statute of limitations is not contingent on when a plaintiff first learned the information was available.

25. Although Yardi has stated it has suppressed Shephard's and Burzawa's names from being displayed on the PropertyShark platform, PropertyShark continues to download data that is available from Cook County regarding Shephard's and Burzawa's property. (Shobe Dep. at 61:13- 62:17).

**Response:** Undisputed but immaterial because IRPA does not regulate property data unconnected to an identified person. *See* 765 ILCS 1075/30 (IRPA prohibits the unauthorized use of an individual's "identity" for "commercial purposes"); 765 ILCS 1075/5 ("Identity" includes the photograph, image, likeness, and name of an individual).

26. PropertyShark's database stores data that is aggregated from over 400 different sources that are both public and proprietary. (Doc. 9, Ans. ¶ 20).

**Response:** Undisputed.

27. PropertyShark's data is collected "both manually and automatically," "including its dedicated research team [that] makes sure the information [it] gather[s] is as accurate as it can be." Doc. 9, Ans. ¶ 21).

**Response:** Undisputed.

28. Plaintiff Burzawa testified that she sued Yardi because Yardi violated IRPA. (Doc. 32-3, Burzawa Dep. at 69:11-20). Burzawa further testified that she did not give written consent to Yardi use her name for commercial purposes." (*Id.* at 72:13-73:11).

**Response:** Undisputed but incomplete. Burzawa testified that she initially responded to an attorney solicitation and sued because she was receiving calls about selling her property and believed those callers acquired her phone number from PropertyShark. (Doc. 32-1, Burzawa Dep. 31:11-32:5.) She only stated that she sued Yardi for violating IRPA on re-direct when her counsel asked that question in a leading way after a break. *Id.* 69:11-20.

29. Plaintiff Shephard understands this lawsuit addresses Yardi's alleged violations of IRPA; that IRPA prohibits using an individual's identity for commercial purposes without prior written consent, and that she never provided Yardi with said written consent. (Doc. 32-2, Shephard Dep. at 66:18-70:3).

**Response:** Disputed as to what Plaintiff Shephard "understands." She testified that she sued because she believed users had to pay for more information about her property, after viewing a free report:

> A. [W]hat I have an issue with is that it was being used, my privacy was being used to advertise to subscribe to further get information. . . . Part of the complaint is the fact that this -- the company actually does a free offer initially, and then when they want to get additional information, that they are -- have to subscribe, so they are actually requesting additional information. The only way to get the additional information is to pay for that information, and so they are -- in my opinion should not be having that opportunity to do that.
>
> Q. . . . So your understanding is that they can get some information about you and your property for free?
>
> A. Correct.
>
> Q. And then if they pay money, they can get more information?
>
> A. Correct.
>
> (Doc. No. 32-2, Shephard Dep. at 24:2–25:3.)

Her testimony shifted to the alleged "violations of IRPA" at issue here only when her counsel asked those questions in a leading way on redirect. *See id.* 66:18-70:3.

Dated: June 27, 2025


*/s/Ryan D. Watstein*
Ryan D. Watstein (*pro hac vice*)
James M. Ruley (*pro hac vice*)
WATSTEIN TEREPKA LLP
1055 Howell Mill Road, 8th Floor
Atlanta, Georgia 30318
Telephone: (404) 905-2416
ryan@wtlaw.com
jruley@wtlaw.com

Justin M. Penn
HINSHAW & CULBERTSON LLP
191 N. Franklin Street, Suite 2500
Chicago, Illinois 60606
jpenn@hinshawlaw.com
Telephone: (312) 704-3000
Bar ID Number: 06283726

*Attorneys for Defendant Yardi Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2025, I caused to be electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/Ryan D. Watstein*
Ryan D. Watstein